Turley, J.
delivered the opinion of the court.
The only question seriously pressed upon the consideration of the court, in this case, is, as to the validity of a deed of bargain and sale, executed by Benj. F. Newman, acting sheriff of Jefferson county, on the 5th day of July, 1844, to the lessor of the plaintiff in ejectment, for the premises in dispute.
It is not denied but that Benjamin F, Newman was, at the date of the deed, acting as sheriff of the county of Jefferson, under an election, made in form, as required by law; and that as sheriff of the county he was warranted by law to make the deed; but it is contended, *163 that bis election was irregular; and void, because at tbe time it was made, be was a public defaulter, and was, therefore, ineligible to tbe office of sheriff, under the provisions of tbe constitution of tbe State; which defendant offered to prove, but tbe court rejected tbe evidence.
In doing this, we think the court committed no error. At tbe time tbe deed was executed, Benjamin F. Newman was the acting sheriff of the county under an election made in due form; and although he was, at the time of his election ineligible, on account of his defalcation, yet this does not avoid his acts done as sheriff, before his election was annulled by the proper authority; previous to that event, though he was not sheriff de jure, yet he was de facto; and from public necessity, the acts of a public officer, exercising his office de facto, though not de jure, are valid as to third persons, and cannot be controverted in a collateral issue, such as this.
This question has been fully investigated by the court, in the case of the Farmers’ and Merchants’ Bank at Memphis vs. Chester, reported in 6 Hum. 458, in which it was held, that the acts of an officer de facto are valid so far as third persons are concerned.
It has been argued, that inasmuch as the election of Newman was a void election, he, therefore, could not be considered as a sheriff de facto; we do not think the objection a good one; his election was made in form of law, and its validity had to be tested by matter, extraneous, and third persons could not be presumed to know that he was acting without legal authority, and they ought not to be prejudiced thereby.
We, therefore, think the circuit judge committed no error in rejecting the proof offered by the defendant to impeach the deed under which the plaintiff in ejectment claimed, and affirm the judgment of the Circuit Court.